**FILED**
**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED VAN LINES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CRYE-LEIKE, INC., d/b/a CRYE-LEIKE RELOCATION and CRYE-LEIKE RELOCATION MANAGEMENT, | ) ) ) | **08 C 509** |
| | ) | **JUDGE HOLDERMAN** |
| Defendant. | ) | **MAGISTRATE JUDGE KEYS** |

## COMPLAINT

Plaintiff, United Van Lines, LLC (hereinafter "United"), by and through its attorneys, Dombroff Gilmore Jaques & French, files its Complaint against the Defendant, Crye-Leike, Inc., and alleges upon information and belief as follows:

### Jurisdiction

1.      The Court has original jurisdiction over this matter by virtue of 28 U.S.C. §§ 1331 and 1337, as confirmed in <u>Thurston Motor Lines v. Rand</u>, 460 U.S. 533 (1983) and 28 U.S.C. § 1367.

2.      This action involves the collection of transportation charges for a shipment moving in interstate commerce, pursuant to the I.C.C. Termination Act of 1995 (ICCTA), 49 U.S.C. §§ 13701, 13702, 13704, 13706, and 14705.

**Parties**

3.     United is a Missouri Limited Liability Company with its principal place of business in Fenton, Missouri.  United is a motor carrier of household goods and personal property by authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 *et seq.* (2006).

4.     Crye-Leike, Inc., doing business as Crye-Leike Relocation and/or Crye-Leike Relocation Management, (hereinafter "Crye-Leike" or "Defendant") is a Tennessee corporation with its principal place of business at 6525 Quail Hollow Pine, Memphis, Tennessee 38120 and does business and/or transacts business within this District.

**Venue**

5.     Venue is proper in the United States District Court, Northern District of Illinois, Eastern Division, in that a substantial part of the events and omissions giving rise to this action occurred in this District.  28 U.S.C. § 1391 (2006).

**COUNT I – Breach of Interstate Transportation Contract**

Plaintiff, for Count I of its Complaint against Defendant, states as follows:

6.     United realleges and incorporates paragraphs 1 through 5 of its Complaint by reference as if fully set forth herein.

7.     The matters complained of herein and the liabilities of the Defendant are predicated upon the interstate transportation of household goods and personal property by United, pursuant to United's Uniform Household Goods Bill of Lading and Freight Bill, and

United's duly published tariff incorporated therein by reference. 49 U.S.C. §§ 13702, 13706 (2006).

8. From June 2007 to July 2007, Defendant requested United to perform interstate transportation of household goods and personal property from various places of origin to places of destination within Illinois and this District. True, accurate and complete copies of the Uniform Household Goods Bills of Lading and Freight Bills (collectively "Bills"), which incorporate by reference United's published tariff, are attached hereto as Group Exhibit "A".

9. United's transportation services to Defendant were performed in accordance with the terms and condition of the aforementioned Bills and United's tariff incorporated therein.

10. In accordance with 49 U.S.C. §§ 13702 and 13706, United is obligated to collect, and Defendant is obligated to pay, the full applicable charges due.

11. United has performed all of the terms and conditions set forth in the attached Bills and there is due and owing the sum of $8,248.28 as unpaid tariff transportation charges and/or other related charges. True, complete, and accurate copies of United's invoices are attached hereto as Group Exhibit "B".

12. Despite timely and repeated demands, Defendant has breached the terms and conditions of the Bills by failing to pay United any part of the outstanding transportation charges and other related charges. Defendant is liable to United in the sum of $8,248.28 pursuant to the terms of the Bill of Lading, United's tariff incorporated therein and the ICCTA.

WHEREFORE, United Van Lines, LLC, requests that the Court enter judgment in its favor and against the Defendant, Crye-Leike, Inc., for actual damages in the amount of $8,248.28, together with interest at the legal rate from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

Plaintiff, for Count II of its Complaint against Defendant, states as follows:

13. United realleges and incorporates paragraphs 1 through 12 of its Complaint by reference as if fully set forth herein.

14. United tendered to Defendant work, labor, materials and services for which Defendant accepted and promised to pay the reasonable value thereof.

15. Defendant agreed to pay for the services provided by United.

16. United has conferred a benefit upon Defendant by providing it with the interstate transportation services described above.

17. United, at the time it supplied Defendant with such services, had a reasonable expectation of being compensated therefore.

18. The services were conferred upon Defendant at the express request and insistence of Defendant. If Defendant is allowed to retain the benefits conferred upon it by United, without compensating United therefore, Defendant will be unjustly enriched.

19. The reasonable value of all of the services performed by United for the benefit of Defendant was $8,248.28.

20. Notwithstanding repeated demands for payment of the $8,248.28, Defendant has refused to pay any part of the transportation charges and other related charges due to United.

WHEREFORE, United Van Lines, LLC, requests that the Court enter judgment in its favor and against the Defendant, Crye-Leike, Inc., for actual damages in the amount of $8,248.28, together with interest at the legal rate from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

## COUNT III – ACCOUNT STATED

Plaintiff, for Count III of its Complaint against Defendant, states as follows:

21. United realleges and incorporates paragraphs 1 through 20 of its Complaint by reference as if fully set forth herein.

22. United has forwarded invoices to Defendant which represent the charges for the interstate transportation and related charges.

23. Defendant received and retained United's invoices without protest or objection to their accuracy and validity. True, complete, and accurate copies of United's invoices are attached hereto as Group Exhibit "B".

24. Defendant is liable to Plaintiff based on the accounts rendered and stated in the amount of $8,248.28.

WHEREFORE, United Van Lines, LLC, requests that the Court enter judgment in its favor and against the Defendant, Crye-Leike, Inc., for actual damages in the amount of $8,248.28, together with interest at the legal rate from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

Dated: January 23, 2008.

                        Respectfully submitted,

                        United Van Lines, LLC, Plaintiff

                  By:  /s/ Jonathan P. Stringer
                          One of Its Attorneys

Dennis E. French
ARDC No. 3126101
Jonathan P. Stringer
ARDC No. 6276011
Dombroff Gilmore Jaques & French, P.C.
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
Tel: (312) 781 – 0200
Fax: (312) 781 – 0800
Attorneys for Plaintiff

6