**08 C 509**

# UNITED VAN LINES, LLC

1 UNITED DRIVE
FENTON, MO 63026
PHONE (636) 326-3100
PARTICIPATING CARRIER (IF ANY)

U.S. DOT No. 077949

191 00276 7

THIS SHIPMENT IS: STANDARD
SHIPPER: DAVE / JANET COGSWELL    561-333-3623    CONSIGNEE: DAVE / JANET COGSWELL
COMPANY (ASSOCIATED WITH): CRYE-LEIKE RELOCA
STREET ADDRESS: 12760 STONE PINE WA         STREET ADDRESS:
ORIGIN: WELLINGTON PALM BEACH  050  FL       DEST: CHICAGO  COOK  016  IL
EST #: 33414                                           60600

AGREED PICK-UP PERIOD: EARLIEST 6/22  LATEST 6/22
AGREED DELIVERY PERIOD: EARLIEST 6/25  LATEST 6/28

X GUARANTEED SERVICE DATES–DAILY ALLOWANCE

NAT. ACCT. NO. 0818570804

BILL TO: CRYE-LEIKE RELOCATION MNGT
P.O. BOX: PO BOX 908
CITY & STATE: TUPELO  MS  38802
ATTN: CAROL WILLIAMS

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE | | | | UNPACKING SCHEDULE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL |
| | | | | | | | | | | | | |

TOTAL CONTAINERS:    TOTAL PACKING:    TOTAL UNPACKING:

Max Pack    lbs. x $ ___    cwt = $ ___

## CUSTOMER'S DECLARATION of VALUE

THIS IS A TARIFF LEVEL OF CARRIER LIABILITY – IT IS NOT INSURANCE

The value of my shipment is: 5.00

No Deductible / $250 Deductible / $500 Deductible

### ALTERNATIVE LEVEL OF LIABILITY – Released Value of 60 Cents Per Pound Per Article

AGENT CODE / NAME / PHONE NO.
Book: 191 WILLIAMS TRANSFER 662 842 4836
Dest: 321 ALL CHICAGOLAND M630 832 4114
Origin: 69 K & S MOVING SYST 9548 350 069
G-11

DRIVER ID: 19-04   VAN NO: 4D9D   PICKUP DATE: 1916/22   FROM: Wellington

DRIVER SIGNATURE FOR BILL OF LADING / DELIVERED BY DRIVER SIGNATURE

CONTRACT NO.: KR40   TARIFF: 3   SECT   MILES   PERCENT   RATE

TOTAL WEIGHT / BASE WEIGHT / CHARGE / EXCESS WEIGHT / RATE / TRANSPORTATION CHARGE

DESCRIPTION / RATE / OTHER CHARGES

LBS. GROSS / LBS. TARE / LBS. NET / MIN. WT.

ORIGINAL / REWEIGH
☐ SHIPPER REQUESTED REWEIGH
☐ SHIPPER WAIVES RIGHT TO OBSERVE REWEIGH

### PAYMENT ACKNOWLEDGMENT

PREPAYMENT REC'D / DATE / CODE / TOTAL / PREPAID
PAYMENT REC'D. AT DESTINATION / DATE / CODE / BAL DUE

### DELIVERY ACKNOWLEDGMENT

SHIPMENT WAS RECEIVED IN APPARENT GOOD CONDITION EXCEPT AS NOTED ON INVENTORY AND SERVICES ORDERED WERE PERFORMED.

SIGNED X _____ (Consignee)  DATE _____

REC'D FOR STORAGE: _____ (Warehouse)
BY _____ (Warehouseman's Signature)  Date _____   Control No.

**IMPORTANT – SEE TERMS ON THE REVERSE SIDE**

BILLING AGENT'S COPY

| DEPENDABLE AUTO SHIP UNIFORM STRAIGHT BILL | | 6-1083 | LOAD # |
|---|---|---|---|
| BOL# 432949 | 00277068 | IC-249800 | DAS # 378R556 |

RECEIVED SUBJECT TO THE TER[MS] [AND CONDITIONS OF THE BIL]L OF LADING AND TARIFFS IN EFFECT AT THE TIME OF SHIPPING.

ORIGIN: Toomaster (?)
Doe or Janet Cogswell
12110 SW ... Wellington Fl
PHONE # (CELL): 561-310-1552
PHONE # (HM): 621-6162-5164

DESTINATION: Jose/Janet Cogswell
2344 Jace Ln
Naperville Il 60540
PHONE # (CELL): 631-612-5164
PHONE # (HM): 561-310-1552

VEHICLE DESCRIPTION
YEAR: 2005   MAKE: Mazda   MODEL: Mellennia   COLOR: WHITE
LICENSE # (W/ STATE): 371GPY (FL)   VIN #: JM1TA22172173757   ODOMETER: 52012

CODE IDENTIFICATION CHART
B-BENT, BB-BUFFER BURNED, BR-BROKEN, C-CUT, CH-CHIPPED, CR-CRACKED, D-DENT, DD-DOOR DING, F-FADED, FP-FOREIGN PLUG, G-GOUGED, L-LOOSE, M-MISSING, P-PITTED, PC-PAINT CHIP, PP-PEELING PAINT, R-RUBBED, RU-RUST, S-SCRATCHED, SL-SOILED, SS-SURFACE SCRATCH, ST-STAINED, T-TORN, TU-TOUCH-UP PAINT

ORIGIN INSPECTION

FINAL INSPECTION

WEATHER CONDITIONS: ☒ CLEAR ☐ RAIN ☐ DARK
☐ SUBJECT TO REINSPECTION DUE TO POOR WEATHER (CUST. INIT. _____)

(CUST. INIT. _____) VEHICLE DELIVERED WASHED & CLEAN _____ VEHICLE NOT WASHED _____
☐ SUBJECT TO REINSPECTION, TOO DIRTY TO INSPECT AT ORIGIN (CUST. INIT. _____)

ORIGIN COMMENTS:

DESTINATION COMMENTS:

ORIGIN CHECKLIST  ☐ CORPORATE  ☐ RETAIL  ☐ TOP-LOAD  ☐ EXPEDITE  ☐ VIP  ☐ IN-OP  ☐ ENCLOSED  ☐ VALUATION
PAYMENT METHOD  ☐ CASH  ☐ CHECK AT ORIGIN  ☐ COD  ☐ CREDIT CARD
CREDIT CARD AT ORIGIN ONLY
AMOUNT STILL OWED: $

CARRIER CHARGES $   TOP LOADS $   EXPEDITE $   VALUATION $   TOTAL CHARGES $

(1) This inspection represents the general overall condition. Shipper acknowledges that Carrier will not be liable for minor damages such as scratches, scuffs and chips that result from normal road conditions or wear and tear. Under no circumstances, whether valuation coverage is purchased or not, will the Carrier be responsible for damage smaller than the size of a credit card (3 3/8" x 2 1/8) (2) Shipper or shipper's agent's signature below warrants they have read and fully understand all of the terms and conditions on the front and back of this form.

If Shipper does not enter the Actual Cash Value on Form A and pay additional charges for valuation coverage in advance of shipment, the $150 limitation of liability pursuant to 49 U.S.C. 14706, shall apply. Carrier does not guarantee delivery on any particular schedule.

X _____  Date 6/22/07
ORIGIN / Shipper's Signature (or Shipper's Agent)

X _____
ORIGIN / Shipper's Printed Name   Janet L. Cogswell

X _____  Date 6/22/07
ORIGIN / Terminal Representative

This vehicle is received in good condition, except as noted above, thereby releasing the carrier from any further claims.

X _____  Date 6/28/07
DESTINATION / Shipper's Signature (or Shipper's Agent)

X _____
DESTINATION / Shipper's Printed Name

_____  Date 6/28/07
DESTINATION / Terminal Representative

DAS Driver one   DAS Driver two                                       Rev 12.07.06

TOP COPY: ORIGIN TERMINAL; ONE COPY EACH TO: DESTINATION TERMINAL, CUSTOMER DESTINATION, DAS DRIVER, CUSTOMER ORIGIN

### Notice of Availability of Published Tariff

Carrier publishes tariffs, which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff provisions are incorporated herein by reference. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of carriers liability, the principal features of which are described in the Valuation section of this Bill of Lading; (2) Setting the time period for filing claims, the principal features of which are described in Section 6 hereof; and (3) Reserving the carrier's right to assess additional charges for additional services performed and, on non-binding estimates, to base charges on the exact weight of the goods transported. For more information, please see the terms and conditions printed herein and the carrier's booklet "Your Rights and Responsibilities When You Move" and the Ready-To-Move brochure. The tariff is available for inspection at the offices of carrier or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment and is also available for inspection at the offices of the Household Goods Carriers' Bureau Committee/American Moving and Storage Association, 1611 Duke Street, Alexandria, VA 22314.

Carrier's currently effective applicable tariffs, all inventories prepared in conjunction with this Bill of Lading, any applicable National Account Contract Agreements and the Estimate/Order for Service prepared in advance of shipment are hereby incorporated by reference. These documents, together with this Bill of Lading constitute the contractual documents governing shipper's move, and include but are not limited to the terms and conditions set forth below. In the event of any conflict between the terms of the Estimate/Order for Service and Bill of Lading, the Bill of Lading shall control. Any specific terms set forth in a National Account Contract Agreement shall supersede any inconsistent terms in the other documents.

This contract is subject to all the rules, regulations, rates and charges in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

**SECTION 1:** The carrier or party in possession shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

(d) From terrorist activity, including action in hindering or defending against an actual or expected terrorist activity. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The term "terrorist activity" means any activity which is unlawful under the laws of the United States or any State and which involves any of the following: (1) the hijacking or sabotage of any conveyance (including an aircraft, vessel, cab, truck, van, trailer, container or vehicle) or warehouse or other building; (2) the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) an assassination; (4) the use of any (A) biological agent, chemical agent, or nuclear weapon or device, or (B) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (5) a threat, attempt, or conspiracy to do any of the foregoing;

(e) From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, notwithstanding such risk;

(f) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's or the party's in possession liability:

The carrier's or the party's in possession maximum liability shall be either:

(1) The lump sum value declared by the shipper, which may not be less than $5,000 or $6.00 per pound multiplied by the actual weight of the shipment, in pounds, whichever is greater, or

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has waived lump sum value liability and released the shipment to the carrier, in writing, with liability limited to sixty (60) cents per pound per article.

(3) Further, a shipper's failure to notify the carrier in writing that an article or articles having a value that exceeds $100 per pound will be included in the shipment will restrict the carrier's maximum liability to $100 per pound of any lost or damaged article (based on actual weight), NOT to exceed the declared value of the entire shipment.

Such valuation is extended carrier liability under published tariffs and is not insurance, as that term is used under the McCarran-Ferguson Act, 15 U.S.C. 1011-1015.

**SECTION 2:** The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment, or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

**SECTION 3:** Shipper's, consignor's and/or consignee's liability to carrier shall include the following:

(a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability.

(b) Shipper and/or consignor represent that no explosives and/or dangerous articles or goods shall be contained in shipment. However, the shipper and/or consignor shall indemnify carrier against any loss or damage caused by the negligent or intentional inclusion in the shipment of explosives or dangerous articles or goods therein.

**SECTION 4:** If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery, or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff, contract and other lawful charges.

**SECTION 5:** If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful tariff charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance if any shall be paid to owner of property; PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

**SECTION 6:** As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

UVL-HHG BOL Backer (Rev. 03-07)